UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:03:CR:237 |
| ) | |
| v. ) | Honorable David W. McKeague |
| ) | |
| JOSHUA TIMOTHY STRONG, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| _____) | |

Defendant Joshua Timothy Strong has filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (docket # 55). Defendant is serving a prison sentence of 60 months, imposed by United States District Judge David W. McKeague on March 29, 2004, after defendant entered a plea of guilty to count 6 of the Superseding Indictment, charging him with armed bank robbery. 18 U.S.C. § 2113(a). In return, the United States agreed to dismiss five other felony charges, including other bank robbery counts and a charge of possession of a firearm during the commission of a violent felony. 18 U.S.C. § 924(c). Defendant did not appeal. Defendant's *pro se* motion asserts that sentencing enhancements applied by the sentencing judge under the guidelines violated defendant's rights under the Sixth Amendment, because sentencing facts should have been found by a jury beyond a reasonable doubt. Defendant attempts to invoke the rule of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), to overturn his sentence.

By order of reference entered October 19, 2004, Judge McKeague referred defendant's motion to me for review and issuance of a report and recommendation. *See* 28 U.S.C. §

636(b)(1)(B); Rule 10, RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE DISTRICT COURTS. Promptly after the filing of a section 2255 motion, the court must undertake a preliminary review of the motion to determine whether "it plainly appears from the face of the motion and the annexed exhibits" that petitioner is not entitled to relief in the district court. Rule 4, RULES GOVERNING § 2255 CASES. If so, the court "shall make an order for its summary dismissal." *Id.*; *see Davila v. United States*, 258 F.3d 448, 450 n.2 (6th Cir. 2001). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Davila*, 258 F.3d at 452; *accord Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required by Rule 4, I conclude that the petition is meritless and recommend that it be summarily dismissed.

**Discussion**

Defendant asserts that his sentence violated his Sixth Amendment rights, because the trial judge made findings of fact to enhance the sentence under the Federal Sentencing Guidelines. Defendant invokes the recent Supreme Court decision in *Blakely* in support of his contention.

In *Blakely*, the Supreme Court invalidated under the Sixth Amendment a statute of the State of Washington that authorized the sentencing judge to impose a sentence above the standard sentencing range if the judge found aggravating factors that justified such a departure. The Supreme Court had already held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). In *Blakely*,

the Court extended this concept by holding that for *Apprendi* purposes the "statutory maximum" is the maximum sentence that a judge may impose "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 124 S. Ct. at 2537. "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' and the judge exceeds his proper authority." *Id.* (citations omitted, emphasis in original). Although the *Blakely* Court stated that the application of its holding to the federal guidelines was not a question before the Court, an avalanche of lower federal court opinions has now ensued in the four months following *Blakely*, applying its rationale to the federal sentencing guidelines. *See, e.g., United States v. Booker*, 375 F.3d 508, 510 (7th Cir. 2004). The Sixth Circuit, however, has decided that *Blakely* does not apply to federal sentences. *See United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (*en banc*).

*Koch* is sufficient authority for summarily dismissing the motion for section 2255 relief. Nevertheless, assuming that *Blakely* applies to sentencing under the federal sentencing guidelines, the threshold issue before this court is whether defendant may rely on *Blakely* to upset his sentence, imposed in March of 2004, three months before *Blakely* was decided. The retroactive effect of new procedural rules on collateral review in the circumstances of the present case is governed by the common-law standard set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989). In *Teague*, the Supreme Court held that a "new rule" of criminal procedure will not be applied retroactively on collateral review of cases which have become final before the new rule is announced, unless the new rule falls under one of two exceptions: (1) it "places certain kinds of

primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," 489 U.S. at 307, or (2) it is a "watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the proceeding." *Saffle v. Parks*, 494 U.S. 484, 495 (1990) (citing *Teague*, 489 U.S. at 311).[1]

The *Teague* inquiry is conducted in three steps. *See O'Dell v. Netherland*, 521 U.S. 151, 156 (1997). First, the date on which the defendant's conviction became final for purposes of collateral review must be determined. *Id.* As a general matter, a conviction becomes final for purposes of collateral attack at the conclusion of direct review. *See United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002); *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). If a 2255 movant pursued a direct appeal through to a petition for *certiorari* in the Supreme Court, direct review is concluded when the Supreme Court either denies the petition or decides the case. *Cottage*, 307 F.3d at 498. By contrast, when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the ten-day period in which the defendant could have appealed, even when no notice of appeal was filed. *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Because defendant did not appeal in the present case, his conviction became final on April 7, 2004, ten days after the entry of judgment. *Blakely* was not decided until June 24, 2004.

---

[1] In determining whether *Blakely* may be applied retroactively on collateral review, this court has the benefit of the Supreme Court's recent decision in *Schriro v. Summerlin*, 124 S. Ct. 2519 (2004), decided the same day as *Blakely*. *Schriro* addressed the question whether *Ring v. Arizona*, 536 U.S. 584 (2002), should have retroactive effect. *Ring*, like *Blakely*, was a more specific application of the Sixth Amendment principles first enunciated in *Apprendi*. *Schriro* will therefore be cited as authoritative throughout this Report and Recommendation.

The second inquiry is whether the principle invoked by the defendant on collateral review is a "new rule" of criminal procedure. *O'Dell*, 521 U.S. at 156. A case announces a new procedural rule "if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301 (emphasis added). Although *Blakely* applies and expands the rule enunciated in *Apprendi*, it cannot be said that the result in *Blakely* was in any way dictated by *Apprendi*. As the Seventh Circuit recently observed in *Simpson v. United States*, 376 F.3d 679, 681 (7th Cir. 2004), before *Blakely* was decided, every federal court of appeals had held that *Apprendi* applied only to sentencing decisions that increased the statutory maximum penalty and that it did not apply to guideline calculations made within the statutory maximum. 376 F.3d at 681 (citing *United States v. Hughes*, 369 F.3d 941, 947 (6th Cir. 2004); *United States v. Francis*, 367 F.3d 805, 820 (8th Cir. 2004); *United States v. Jardine*, 364 F.3d 1200, 1209 (10th Cir. 2004); *United States v. Alvarez*, 358 F.3d 1194, 1211-12 (9th Cir. 2004); *United States v. Phillips*, 349 F.3d 138, 143 (3d Cir. 2003); *United States v. Patterson*, 348 F.3d 218, 228-29 (7th Cir. 2003); *United States v. Randle*, 304 F.3d 373, 378 (5th Cir. 2002); *United States v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir. 2001); *United States v. Webb*, 255 F.3d 890, 898 (D.C. Cir. 2001); *United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001); *United States v. Caba*, 241 F.3d 98, 100 (1st Cir. 2001); and *United States v. Garcia*, 240 F.3d 180, 183-84 (2d Cir. 2001)). *Blakely* compels a completely new understanding of the requirements of the Sixth Amendment, in that it requires for the first time that upward adjustments in a sentence based on judicial factfinding dictated by the guidelines violate the right to a jury trial. *See Booker*, 375 F.3d at 511 ("*Blakely* dooms the guidelines insofar as they require that sentences be based on facts found by a judge."). Without doubt, *Blakely* represents a new procedural rule applicable to sentencing in the state and federal courts.

Furthermore, it cannot be argued that the *Blakely* rule is one of substance rather than procedure. "A decision that modifies the elements of an offense is normally substantive rather than procedural." *Schriro*, 124 S. Ct. at 2524. In *Schriro*, the Supreme Court decided that the rule announced in *Ring v. Arizona* (which required juries and not judges to make findings of fact leading to the imposition of a sentence of death) was procedural, because it merely regulated the manner of determining sentence rather than altering the range of conduct that state law subjected to the death penalty. 124 S. Ct. at 2522-24. The rationale of *Schriro* applies with equal force to the present case.

If the court determines that the rule is "new," the final step in the *Teague* analysis "requires the court to determine whether the rule nonetheless falls within one of the two narrow exceptions to the *Teague* doctrine." *O'Dell*, 521 U.S. at 156-57. The first, limited exception is for new rules "forbidding criminal punishment of certain primary conduct [and] rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989). That exception obviously has no application to the present case. The second exception has been described by the Supreme Court as "even more circumscribed." *O'Dell*, 521 U.S. at 157. This exception permits retroactive application of "'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" *O'Dell*, 521 U.S. at 157 (quoting *Graham v. Collins*, 506 U.S. 461, 478 (1993)). "Whatever the precise scope of this exception, it is clearly meant to apply only to a small core of rules requiring observance of those procedures that . . . are implicit in the concept of ordered liberty." *Graham v. Collins*, 506 U.S. at 478 (quotation marks omitted). Again, *Schriro* is dispositive of this issue. In *Schriro*, the Court found that *Ring v. Arizona* did not fit within the "watershed" exception, because it did not implicate the fundamental fairness and accuracy of the criminal proceeding. 124 S. Ct. at

2524. The requirement that juries and not judges make factual findings upon which a sentence is based is not predicated upon a superior accuracy of jury factfinding, but is a result of the command of the Sixth Amendment. *Id.* at 2524-26. This holding of *Schriro* requires rejection of any argument that *Blakely* represents a "watershed" holding within the meaning of *Teague*.

Application of *Teague* analysis leads to the firm conclusion that the *Blakely* decision may not be given retroactive effect on collateral review.

## Recommended Disposition

For the foregoing reasons, I conclude that defendant's invocation of *Blakely v. Washington* in an effort to invalidate his sentence is not meritorious, both because *Blakely* does not apply to federal sentencing and because defendant requests an impermissible retroactive application of the rule of that case. I therefore recommend that defendant's motion pursuant to 28 U.S.C. § 2255 be summarily dismissed.

Dated:   October 21, 2004           /s/  Joseph G. Scoville
                                    United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).