UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                      Case No. 1:03-CR-237

                                      HON. DAVID W. McKEAGUE*

JOSHUA TIMOTHY STRONG,

        Defendant.

_____/

**MEMORANDUM OPINION AND ORDER
APPROVING REPORT AND RECOMMENDATION
AND DENYING § 2255 MOTION**

On March 29, 2004, the Court sentenced defendant Joshua Timothy Strong to a 60-month term of imprisonment after he pleaded guilty to the charge of armed bank robbery. Defendant did not appeal the conviction or sentence. Now before the Court is defendant's *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion has been reviewed by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge has issued a report and recommendation, recommending that the motion be denied. Defendant has filed timely objections to the report and recommendation. The Court has undertaken *de novo* review of the report and recommendation in light of defendant's objections. The Court now finds the objections to be of no avail.

_____
      * Hon. David W. McKeague, United States Circuit Judge, Sixth Circuit Court of Appeals, sitting by designation.

In his § 2255 motion, defendant contends his Sixth Amendment rights were violated because this Court impermissibly made certain findings of fact to enhance his sentence, contrary to the teaching of the Supreme Court's ruling in *Blakely v. Washington*, 124 S.Ct. 2531 (2004). At the time the report and recommendation issued, as the magistrate judge correctly observed, the controlling authority in this circuit held that the *Blakely* analysis did not apply to the United States Sentencing Guidelines. *See United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (*en banc*), *vacated* 125 S.Ct. 1944 (2005). Assuming the *Blakely* analysis *were* deemed to apply to the federal sentencing guidelines, the magistrate judge concluded it would not apply retroactively to disturb defendant's judgment of sentence, which had become final before the *Blakely* decision issued. Defendant objects to the report and recommendation in both respects.

On January 12, 2005, in *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court held that the *Blakely* analysis does apply to the United States Sentencing Guidelines, concluding that "any fact other than a prior conviction which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756. The *Booker* ruling thus supports defendant's first objection.

However, in *Humphress v. United States,* 398 F.3d 855, 861 (6th Cir. 2005), the Sixth Circuit applied the three-step analysis from *Teague v. Lane*, 489 U.S. 288 (1989), to determine whether *Booker's* new rule of criminal procedure applies to a case on collateral review. The *Humphress* court concluded that the Supreme Court's intervening decision in *Booker*, which now governs defendant's *Blakely* claim, does not apply retroactively on collateral review to judgments which had already become final. *Id.* at 863. *Booker* was decided some eight months after

defendant's conviction was finalized. It follows that defendant's objection based on retroactive application of the holding of *Booker* must be overruled.

Accordingly, the report and recommendation of the magistrate judge is **APPROVED** and, consistent therewith, defendant's § 2255 motion to vacate, set aside, or correct his sentence is hereby **DENIED**.

**IT IS SO ORDERED**.


Dated:   July 5, 2005                                    /s/   David W. McKeague
                                                         HON. DAVID W. McKEAGUE
                                                         UNITED STATES CIRCUIT JUDGE